The last case for argument today is United States v. Owens. Mr. Spears. May it please the court, counsel for the government, Brian Spears for the defendant Williams. The record before this court establishes serious confusion on the part of my client Mr. Williams as the nature of the conspiracy charge against him and the consequences of pleading guilty to that charge. There is no other way to read this record. This court has implored district courts to actively engage with the defendant during a plea colloquy to ensure that the defendant understands the charges and the consequences of pleading guilty and that didn't happen in this case. The record shows that during the plea colloquy Mr. Williams clarified at every turn his understanding that what he was pleading guilty to was a racketeering conspiracy with predicate acts of marijuana sales and the district court. You're not disputing that you're not disputing that his allocution was satisfactory for that crime? I'm not disputing that your honor and you're also you're not you're not disputing that the elements were described accurately either the the elements of a RICO conspiracy were accurately described right? That's correct your honor the government did describe those elements correctly but what has to be read in the context of that is the manner in which the district court narrowed the scope of the conspiracy. So the question here is whether the defendant Mr. Williams understood the scope of the conspiracy that he was pleading guilty to in light of his own allocution and the district court's repeated efforts to narrow the scope of that conspiracy. May I was going to ask a follow-up question and it pertains to some of what you're saying so let me ask it now. If his plea allocution was adequate why isn't all of the rest a matter of guideline calculation whether this is indeed related conduct to the conspiracy crime he pleaded guilty to because it's not required that he himself have committed the predicate act for to be considered as related conduct in a conspiracy. I don't think you're disputing that and as I understand it his plea agreement stipulated to a guideline calculation that included the murder, the leadership role, the other things that he's now saying he didn't understand. My bottom line question is why is this a question of the a knowing guilty plea as opposed to a dispute about the guideline calculation? Your honor thank you because the defendant didn't understand the nature of conspiracy that he was pleading guilty to nor the consequences of the conspiracy that he was pleading guilty to. The district court never explained that the government was seeking to and am I right that he stipulated to that as a as a fact that would inform his guideline calculation? Your honor the plea agreement does include a stipulation to that effect but this court has held in United States versus Lloyd that general mention to a plea agreement in the context of a peak plea quality might not be enough. What needed to happen here and in Lloyd there was no explanation of the elements at all. Lloyd was completely different from from that very important regard but what I think what you're suggesting is quite remarkable and would change the law of the circuit drastically. You're saying whenever a defendant pleads sorry your honor we lost your connection with Judge Bianco I believe. Yeah I lost it too. Want to contact your honor now guilty to a conspiracy even if he allocutes. Your honor I don't believe that the position we're taking is far afield in any way from the precedent of of this court. What needed to happen here is that the defendant needed to understand that he was potentially exposed to the the murder guideline and a mere reference to the plea without the district court explaining the nature of the guidelines calculation is what resulted in a plea here that was not knowing and was not. So under your reading or your requirements of rule 11 every time for a narcotics conspiracy if a defendant says I sold a kilo of cocaine but the government and the plea agreement maybe stipulates that he didn't sell just the kilo on one occasion he sold 15 kilos that the district court under rule 11 forget whether it's a good idea or not but under rule 11 is required to point out that you're you could be sentenced on much more than this kilo you're pleading guilty to. I mean I can give you a million examples of that a robbery conspiracy where he plead guilty to one robbery but there are 10 robberies that are going to be counted for purpose of sentencing. You're saying rule 11 requires the district court to go through all that and as Judge Raggi noted there's our cases say the opposite. Your honor I don't think the cases do I mean for example the government has relied heavily on United States versus Andrade's which in which this court said that the district court must ensure that the defendant has read the charge to which he's pleading guilty understands that charge and has discussed it with counsel just that's just an example here of something that didn't happen. Well but he understands the crime of Rico conspiracy you've agreed to that it seems to me what he what your argument is is that it wasn't reasonably foreseeable to him that these other crimes were part of that Rico conspiracy you always get to argue that with respect to a conspiracy that you shouldn't be held accountable for confederate's conduct that wasn't reasonably foreseeable to you but that that's not your argument and it certainly wasn't made to the district court. Right that's that's close to argument your honor but what the argument here is is that he didn't understand that he was potentially subjected to a a sentence that would include the murder guidelines I mean what was clear from the plea was and which was emphasized by the district court repeatedly was that he was pleading to a narrow version of a Rico conspiracy that included predicate acts of of marijuana sales. I'm not sure I understand how you can say he didn't understand that he could be subjected to that guideline when he stipulated to that guideline. Your honor correct but the general mention to the plea agreement which contained the stipulation was not enough in a situation here where you're going from marijuana-based Rico conspiracy to holding a defendant accountable for murder it's not asking too much under rule 11 under basic jurisprudence of this potentially exposed to the murder guidelines you realize that that's in your plea agreement and that you stipulated to that it was for instance with a crime like Rico that can have many predicate acts beyond those um test those agreed to in a plea agreement you're saying that a district court would have to articulate for the defendant if not specific predicates at least tell look if there are other predicate crimes committed as part of this conspiracy beyond the two you've just admitted to you can be held accountable for them but that as a minimum should be said yes your honor the district court needed i just want to understand yes thank you your honor and but which case which case mr spears would you cite where we have said that that additional inquiry is required in the rule 11 which case lloyd i think is clearly distinguishable where have we ever said that before well i think lloyd touches on it in so far as it talks about the importance in the in the context of a conspiracy of making sure that the defendant realizes fully the implications and scope of the conspiracy uh the government decided in its brief united states versus andreides which talks about the need to make sure that the defendant has read and understands the charge and discuss it with counsel um and of course there's also united states versus johnson which talks about the importance of when there's an ambiguity between uh the plea agreement and remarks being made on the record by the district johnson involved a failure to tell the defendant he was pleading to a mandatory life count i mean that's completely different than this it's it's not completely different in so far as i i understand it's a much more extreme circumstance but the the issue identified there was the ambiguity that was created by the district court's remarks which i would submit to the i know but it was on an issue that is specifically required to be told to the defendant on a rule 11 which is the penalties the statutory penalties so that well the district court does need to inform the defendant of the consequences of pleading guilty here ensuring that the defendant understood that he was that the government would seek to impose the sentence based on the murder guideline that the court could potentially do that is all that i'm saying was lacking on this record but it was fundamental let's ask one final question am i correct in understanding there were no no objections to the pre-sentence report which does attribute the um murder to him at least to the extent of his providing the gun that there were no objections to that there were no objections to that he did note in his sentencing submission that uh he should not be held responsible for the murder because he did he lacked direct participation that was under 35 53a but i do want to in response to your honor's question just emphasize that the defendant himself when asked to make a statement of sentencing and before sentence was imposed in an essence did object when he told the court i didn't have anything to do with the murder at all it's shaking me up even hearing that they keep saying this so i think that period was sentenced that was before before imposition before imposition of the sentence but he wasn't he wasn't contesting that he gave the gun to them he was just saying i wasn't involved in the shooting he never said i'm contesting that i gave the gun right that's correct your honor and also at the end of the sentence he attributed to his lawyer essentially raised like an ineffective assistance of counsel claim which is not before saying my lawyer didn't explain all this to me that was at the very end of the sentencing right that's right your honor our position is that the plea colloquy itself was inadequate under the circumstances all right all right thank you mr spears thank you miss comey thank you your honor may it please the court my name is maureen comey and i represent the united states on this appeal as i did in the district court the judgment of conviction should be affirmed first the district court did not plainly err when determining that the defendant understood the nature of the racketeering conspiracy charge to which he pled guilty and second the district court did not err in advising the defendant of the consequences of pleading guilty now the defense arguments here tend to elide those two issues the question of the nature of the charge and the consequences of pleading guilty and i think it's important to disentangle them because as your honor's conversation with defense counsel just reflected the complaint that the district judge didn't tell the defendant that his guidelines could take into account conduct beyond that what what was included in his allocution really goes to the consequences of pleading guilty so starting with the nature of the charge the record makes clear that the defendant was told and clearly understood in multiple different ways the basic elements of the racketeering conspiracy contained account one of the indictment but i'm let me ask you what i what i understand to be the defendant's primary argument which is even when the government suggested on the record that the two predicate acts on which it was going to rely if the case went to trial were homicide and cocaine trafficking or crack trafficking the district court the defense argues cut you off and wanted to focus only on what predicate acts the the defendant was going to admit to and he suggests that that gave him reason to think that that was all that was he was going to be held accountable for this um what struck me about this is that of course you don't have to prove any racketeering act for a racketeering conspiracy you just have to prove that the commission of two racketeering acts would have occurred in the course of the conspiracy and so i do wonder whether um the government made it adequately clear to the district court what your position was on this conspiracy crime help me out so your honor i i do think that the government made clear the four basic the basic elements of racketeering which was the existence of an enterprise that affected interstate commerce and that the defendant knowingly became a part of that enterprise and agreed that at least two acts of racketeering would occur and there was a colloquy between government council and judge roman in which judge roman clarified that in fact acts of selling marijuana would constitute racketeering acts within the racketeering statute and i think what judge roman was doing there was within a within a racketeering conspiracy the purpose of which or the objects of which were what the objects of which well i think what judge roman was seeking to understand was whether the objects could be just marijuana distribution i think he wanted the defendant's argument now is that's the only racketeering enterprise he was pleading guilty to now i you've heard my questions about what the pre-sentence report and the plea agreement said so i understand you have a basis for something else but the plea colloquy the argument is that it's so focused on the marijuana that that's all he thought he was pleading guilty to well so your honor i think that's why it's important to separate the nature of the charge and the consequences of pleading guilty the nature of the charge that he pled guilty to based on his allocution was a conspiracy that focused on distribution of marijuana but then when considering what the appropriate guidelines would be at sentencing and what the relevant conduct was for that conspiracy that he admitted to being a part of at that point it was appropriate for the judge to consider all of the facts that were stipulated to in the pre-sentence report and so that's why i think that this complaint really goes to the consequences of pleading guilty and as i believe your honors have already pointed out rule 11 requires nothing more than ensuring that the defendant understands the maximum penalty and there's no dispute that he understood that the maximum sentence was 20 years here and understands that the district judge must consider the guidelines and the 35 53a factors again there's no dispute that judge ramon put that on the record and made sure the defendant understood that what the defense is really asking this court to say is that there's an obligation under rule 11 for a district judge to tell a defendant i understand what you are saying you did i understand that you are describing a conspiracy that only involved marijuana but you should be aware that the court can consider additional conduct under the guidelines and that you may be exposed to extra conduct there is nothing in the text of rule 11 that requires a district court to provide that kind of advice and it would far extend beyond what this court has held is required in a rule 11 proceeding in fact this oh yes your honor miss comey isn't even if it's not required by the rule i think you are aware that a lot of district judges in this type of situation would specifically especially if it's in the plea agreement explain to a defendant even though you're only pleading guilty to one robbery before me today in your plea agreement you agree that you're going to be held responsible for 10 robberies or 10 peos or whatever the other relevant conduct might be and if the court doesn't do that often the prosecutor will stand up to avoid this type of appeal and or to avoid an ineffective assistance of counsel claim so isn't that the better practice in this situation so your honor i think that it's fair to say that would be better practice but this court in cases like the maher case that we cite often distinguishes between what is the baseline requirement under rule 11 and what is best practices i don't dispute your honor that it might have been better practice for the district court or the government to have gone through and more explicitly stated on the record the guidelines that the government and the defense had stipulated to in the plea agreement but does that does not create plain error and i would also note your honor that there is evidence in the record that defendant was not actually shocked or surprised that his guidelines calculation included murder guidelines and additional enhancements and the most obvious sign of that is that when the defendant reviewed the psr which he told judge ramon he had done on the record at sentencing he didn't all of a sudden say i need to withdraw my plea i didn't understand that you could hold me responsible for this he didn't object to those facts or to that guidelines calculation and we know that he knew how to ask his counsel to object because defense counsel at sentencing did object to one aspect of the criminal history guidelines and did get the psr adjusted to reflect a lower criminal history category and so i don't think this is the case where a defendant was in fact surprised to learn that the guidelines that were set forth in the plea agreement he signed were in fact going to be considered by the district judge when imposing sentence so even though even if a defendant didn't understand those specific enhancements that could be applied it wouldn't be a rule 11 violation on this record that is not the case that we have here the defendant was informed that those were the guidelines that would be considered at sentencing and he expressed no surprise about that when asked about the psr during sentencing i would finally note your honors that because this is on a plain error review the defendant would also need to demonstrate a reasonable probability that he would not have pled guilty had judge roman expressly on the record said to him do you understand that i can consider conduct beyond what you're allocuting to here and we submit that he cannot meet that here the evidence against him was overwhelming it included witnesses and physical evidence and he would have faced a much higher penalty had he proceeded to trial the plea agreement that he entered into capped his exposure at 20 years meaning that his guidelines range was lower than it would have been under the charges that he was initially facing and it allowed him to avoid a mandatory minimum so given all of those factors your honor we believe that the judgment of conviction should be affirmed unless your honors have any further questions for me i'll otherwise rest on my submission all right thank you miss comey mr spears you have two minutes thank you in response to attorney comey's point about disentangling um the two issues of knowing what the offense was underlying the plea and knowing the consequences of pleading guilty to that offense it's hard to do i think and this case demonstrates why because they really are interrelated an expectation arose by virtue of the manner in which the plea colloquy was conducted that the case was really about predicate acts of marijuana and what our point is is that in view of that it was incumbent upon the district court to ensure that it was a knowing involuntary plea to explain to mr williams that yes you're pleading guilty to predicate acts of marijuana but understand that the defendant is the government is seeking to hold you responsible for under the murder guidelines and i potentially might be able to do that i don't know because i haven't read the pre-sentence report it's too early to to predict what my sentence might be but the district court could say you're potentially exposed to that under these circumstances you need to understand that and that's just bears what would his guidelines have been if only the marijuana predicates had informed the guideline calculation um i don't have the precise calculation in front of me now they would be well below the 15 years based on on the quantities i think so and my question to you is how could your client ever have thought that when he stipulated to a 20-year um guideline calculation not only before sentence but then didn't object to it when it was reflected in his psr yeah and this goes back to your honor the point of of the degree to which he responded to the psr there's not a formal objection but he counseled through all of this understood your honor he had counseled through all of this to me very curious to argue he thought he was only going to be sentenced based on marijuana when he entered into a plea agreement that specifically provided for him to be sentenced based on the murder and when his psr calculated his guidelines by reference to the i am hard-pressed to accept the conclusion that he didn't understand that was going to inform his sentence your honor respectfully the most compelling evidence of what the defendant understood is what he said and what he said at his plea and what he said and the record as a whole the defense is a defendant that was very confused and as he put it lost there's nothing further okay thank you mr spears thank you miss comey we'll reserve decision